(April 9, 2001)

■ In the Matter of JANET H. PEARSON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [723 NYS2d 531] —Per Curiam. Respondent was admitted to practice by this Court in 1968. She moved to South Dakota in 1976 and eventually to Minnesota, where she currently resides. In June 2000, respondent was denied admission in Minnesota upon a finding that she did not have the character and fitness to practice law in that State.

In February 2001, this Court issued an order declaring that no factual issues were raised by respondent's answer to petitioner's charges of, *inter alia*, conversion of client funds, and directing that respondent could be heard in mitigation before the Court at a time to be fixed by the Clerk (*see*, 22 NYCRR 806.5). Respondent has not replied to two letters from the Clerk asking her to advise whether she intended to appear or submit written papers in mitigation. Her failure to reply appears to evince a disregard for her fate as an attorney.

Respondent is guilty of serious professional misconduct. She converted trust funds to her own benefit (*see*, Code of Professional Responsibility DR 1-102 [a] [4], [5], [7]; DR 9-102 [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.46]), made false statements on her Minnesota Bar application (*see*, DR 1-102 [a] [4], [5], [7] [22 NYCRR 1200.3 (a) (4), (5), (7)]), and failed to comply with an order of a Minnesota court, which failure led to a finding by that court that she was in contempt (*see*, DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]).

In view of the above, we conclude that respondent should be disbarred.

Crew III, J. P., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that respondent is found guilty of the professional misconduct charged in the petition; and it is further ordered that respondent is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; she is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, com-

mission or other public authority, or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules (*see*, 22 NYCRR 806.9) regulating the conduct of disbarred attorneys.